WYMAN & FLORSHEIM, Respondents, v. FERGUSON & WHEELER, Appellants.

St. Louis Court of Appeals, May 12, 1896.

Pleading: FILING STATEMENT OF ACCOUNT SUED ON. The statement of an account sued on was, by arrangement between the counsel for the plaintiff and the clerk of the court, detached from the files in a previous suit without the substitution of a copy, and attached to the petition in this cause. *Held*, that this proceeding did not warrant an objection by the defendant to the reception of any evidence, on the theory that the statement of the account should be treated as a part of the files from which it was taken and not as part of the papers in this cause.

*Appeal from the Butler Circuit Court.*—HON. J. G. WEAR, Judge.

REVERSED AND REMANDED (*nisi*).

*George L. Edwards* for appellants.

*S. M. Chapman* and *Johnson & Houts* for respondents.

BIGGS, J.—This is an action on open account for goods alleged to have been sold by the plaintiffs to the defendants. The plaintiffs in their petition claim a balance to be due of $335.66, with interest thereon from March 1, 1894. The answer is a general denial. The cause was submitted to the court without a jury, and at the conclusion of the evidence the defendants asked the court to instruct that, under the pleadings and evidence, the finding and judgment should be for the defendants. The court refused to give the instruction, and rendered judgment against the defendants for $386. 89. The defendants have appealed.

The defendants objected to the introduction of any evidence on the ground that the petition did not set forth the items of the account, nor was there attached to the petition a copy of the account, as required by the statute. R. S. 1889, sec. 2075. The court overruled the objection, and the defendants excepted. This constitutes the first assignment of error.

It appears that a suit had been previously instituted on the same account, in which the plaintiffs had submitted to a nonsuit. When the present action was begun, the plaintiffs' attorney, by permission of the clerk of the circuit court, detached the account from the original files and attached it to the petition. It was understood between him and the clerk that he would make out and leave a certified copy of the account; which he neglected to do. The defendants' argument is that the account properly belonged to the files in the original suit, and that, as soon as it came back into the possession of the clerk, it was his duty to restore it to its proper place, and that, as the paper could not serve a double purpose, it must be held that the plaintiffs had failed to attach a copy of their account to the petition, thereby precluding them from giving any evidence in support of their alleged cause of action. We have been unable to comprehend the force of this argument. The attorney and the clerk may have been guilty of a technical violation of the statute in neglecting to leave in the place of the account a certified copy, and it may be conceded that the clerk would have been justified in returning the paper to its proper place when it came back into his possession, but the fact remains that he did not do it. He attached it to the second petition, and it was so attached at the time of the trial.

There was substantial evidence to warrant the judgment. The plaintiffs failed to introduce their books of account, but the depositions of two of their employees

were read, who testified that they had personal knowledge of the sale and shipment, and that the goods were of the reasonable value charged in the account. Besides, the attorney for the plaintiffs testified that he presented a copy of the account to Ferguson, one of the defendants, for payment, and that he admitted it to be correct. Again, Ferguson was examined as a witness, and he did not deny the statement of the attorney; neither would he swear that the account was not correct.

The claim, that the judgment is excessive, is well founded. The suit is for a balance of $335.66, with interest from March 1, 1894. The total amount due at the date of the trial, to wit, November 12, 1895, was $372.57, whereas the judgment rendered was for $386.89. If the plaintiffs will remit the excess, to wit, $14.32, within ten days after the filing of this opinion, the judgment will be affirmed for the residue, to wit, $372.57, otherwise the judgment will be reversed and the cause remanded  All the judges concur.